JACOB HAWTHORNE & WIFE *v.* THE HIGHLAND TURNPIKE
COMPANY.

**Trespass—Pleading.**

> A petition for trespass to plaintiffs' land, alleging that plaintiffs have sued to recover $1,500 damages for wrongful entry upon the land, and that they believe they will recover said sum, was held insufficient.

APPEAL FROM KENTON CIRCUIT COURT.

March 5, 1874.

OPINION BY JUDGE LINDSAY:

If, as a matter of law, the husband has the right to set off against the claim of an insolvent creditor that has been reduced to judgment, a claim in favor of his wife, and to restrain his creditor from enforcing his judgment until the wife's claim can be litigated, proper grounds for the interposition of the chancellor being made out, still we are of opinion that the judgment in the case is correct. The averment in appellant's petition is that they have instituted an action against the appellee to recover damages for a trespass to the wife's realty. The exact language is that they have "instituted a suit against the said defendant in said court to recover damages against the defendant for the wrongful entry upon the lands of the said plaintiff, Mary L. Hawthorne, and by their hands and persons in their employ, and digging up the land of the plaintiff, which action is still pending and undetermined, and that the plaintiff's claim in said action is for $1,500, and they verily believe they will recover said sum," etc. It is to be observed that it is not alleged that a trespass has been committed. The allegation, in effect, is that they have sued to recover damages for a wrongful entry upon Mrs. Hawthorne's land. It is not enough to aver the pendency of a suit and the expectation of a recovery. They should allege facts showing that they have a cause of action, and therefore that they have the right to a recovery. This they have failed to do. The chancellor, therefore, properly declined to infer from what is averred the existence of facts not directly and specifically set up by the parties asking relief. The demurrer was properly sustained.

Judgment affirmed.

*Hallam, for appellants.*